UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

   Plaintiff,

                File No. 1:05-CR-172

v.

                HON. ROBERT HOLMES BELL

TODD MICHAEL KNAPP,

   Defendant.
              /

**O P I N I O N**

  On October 5, 2005, Defendant Todd Michael Knapp was convicted by a jury of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). This matter comes before the Court on Defendant's motions for acquittal and for new trial.

**I.**

  Defendant moves for acquittal pursuant to FED. R. CRIM. P. 29(c) on the basis that the proofs presented at trial were not sufficient to support a conviction of the offense being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).

  In reviewing a motion for acquittal based on the sufficiency of the evidence "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original). *See also United States v. Al-Zubaidy*, 283 F.3d 804, 808 (6th Cir. 2002) (holding

that denial of Rule 29 motion must be affirmed if evidence, viewed in light most favorable to government, "would allow a rational trier of fact to find the defendant guilty beyond a reasonable doubt."). A court "may conclude a conviction is supported by sufficient evidence even though the circumstantial evidence does not 'remove every reasonable hypothesis except that of guilt.'" *United States v. Jones*, 102 F.3d 804, 807 (6th Cir. 1996) (quoting *United States v. Clark*, 928 F.2d 733, 736 (6th Cir. 1991) (per curiam)). In evaluating a motion for acquittal the Court is not permitted to make independent determinations regarding witness credibility or the weight that should be accorded to the evidence. *United States v. Levy*, 904 F.2d 1026, 1032 (6th Cir. 1990). Instead, the Court "assumes the truth of the evidence offered by the prosecution." *United States v. Overmyer*, 867 F.2d 937, 939 (6th Cir. 1989) (quoting *United States v. Martinez*, 763 F.2d 1297, 1312 (11th Cir. 1985)).

Although § 922(g)(1) is not a specific intent crime, for purposes of this statute the defendant must be shown to have knowingly possessed the gun. "Mere presence" is insufficient proof of knowing possession. Defendant concedes that the jury was properly instructed that the possession must be knowing and that mere presence where a firearm is located is not sufficient to sustain a conviction of being a felon in possession. Pattern Criminal Jury Instructions § 2.10(5) (6th Cir. 2005). Defendant nevertheless contends that the evidence was insufficient to show possession. In support of this contention he relies primarily on two cases, *United States v. Arnold*, No. 04-5384, — F.3d —, 2005 WL 3315297 (6th Cir. Nov. 23, 2005), and *U.S. v. Beverly*, 750 F.2d 34 (6th Cir. 1984).

In *Arnold* the Sixth Circuit held that the fact that a gun was found in a plastic bag under a seat in a car occupied by Arnold was not sufficient to show that he possessed the gun. The court noted that there was no evidence that the defendant had dominion or control over the firearm: the defendant was not alone in the car, he did not own or drive the car, and he did not attempt to elude the police before or after they discovered the gun.

In *Beverly*, the court found the evidence insufficient to establish possession where the only evidence was that two guns were found in a wastebasket close to defendant, one of which had the defendant's fingerprints on it.  The court held that the government had not established constructive possession for three reasons: 1) the government had not proven that either the kitchen, the wastebasket which contained the gun, or the gun itself was within Beverly's direct control; 2) the government had not established that any of those objects was within Beverly's indirect control; and 3) the evidence established only that the defendant was in the kitchen of another person's residence, that the defendant was standing close to a wastebasket which contained two guns, and that the defendant had at some point touched one of the guns.  The court held that this evidence, when viewed most favorably for the government, was not sufficient to establish constructive possession. *Id.* at 36-37. According to the Sixth Circuit, the evidence showed only that he had touched the gun, not that he had "received" it or even that he had possession of it. *Id.* at 36-37.

Defendant notes that like *Arnold* and *Beverly*, this was a circumstantial case: the gun and the Defendant were both found in the basement of a third person's house in an area to

3

which many people had access. Defendant also notes that unlike *Beverly*, in the case at bar there were not even any of Defendant's fingerprints on the gun.

Defendant has presented the evidence in the light most favorable to him. When the Court views the evidence, as it must, in the light most favorable to the government, it is clear that the evidence tying this Defendant to the location where the gun was found was far stronger than the evidence in *Arnold* and *Beverly*. There was evidence in this case that Defendant was found hiding in the basement, leaning over the bed and doing something with an item on the bed immediately before the gun was found on the bed. He was the only person near the gun. There is also evidence that Defendant often spent the night in the basement bedroom area where the gun was found, that he left clothing in that area, that no one besides his girlfriend had been in the basement that morning, that no one else in the house owned or possessed a gun, and that none of the residents of the house was a convicted felon. This evidence was sufficient to support the jury's determination that Defendant was in possession of the gun.

## II.

Defendant has also moved for a new trial pursuant to FED. R. CRIM. P. 33 on the basis that subsequent to trial it became apparent that one of the government's witnesses, Anthony Phillips, either lied or substantially misrepresented that he was not a felon, and on the basis that the government improperly impeached Defendant's girlfriend, Renee Coon.

"The court on motion of a defendant may grant a new trial to that defendant if required in the interest of justice." FED. R. CRIM. P. 33. Unlike a Rule 29 motion for acquittal, a Rule 33 motion for new trial permits a trial judge to consider the credibility of the witnesses and the weight of the evidence to insure that there is not a miscarriage of justice. *United States v. Solorio*, 337 F.3d 580, 589 n.6 (6th Cir. 2003). The decision whether to grant or deny a motion for new trial is left to the sound discretion of the district court. *United States v. Pierce*, 62 F.3d 818, 823 (6th Cir. 1995) (citing *United States v. Seago*, 930 F.2d 482, 488 (6th Cir. 1991)). The defendant bears the burden of proving that a new trial should be granted. *Id*. (citing *United States v. Davis*, 15 F.3d 526, 531 (6th Cir. 1994)).

To obtain a new trial based on newly discovered evidence, a defendant must establish:

(1) the new evidence was discovered after the trial; (2) the evidence could not have been discovered earlier with due diligence; (3) the evidence is material and not merely cumulative or impeaching; and (4) the evidence would likely produce an acquittal.

*United States v. Jones*, 399 F.3d 640, 648 (6th Cir. 2005) (citing *United States v. O'Dell*, 805 F.2d 637, 640 (6th Cir. 1986)). The defendant's burden is less rigorous if the new evidence is exculpatory evidence which the government failed to turn over in violation of the requirements of *Brady v. Maryland*, 373 U.S. 83 (1963). *United States v. Frost*, 125 F.3d 346, 382 (6th Cir. 1997).

The government devoted a substantial portion of its proofs at trial to establishing that no one in Deborah Phillips' house where the gun was found, other than the Defendant, had any reason to deny possession of the gun. The government asked each of the occupants of

the house whether he or she owned or possessed a gun and whether he or she was a convicted felon. It is unlawful for one who has been convicted of a felony to possess a gun. 18 U.S.C. § 922(g)(1). All of witnesses answered "no" to both questions, including Anthony Phillips.[1]

Subsequent to trial Defendant learned that Anthony Phillips was in fact a convicted felon. Defendant has produced Anthony Phillips' 1999 judgment of sentence, indicating that he entered a no contest plea to three counts of resisting and obstructing a peace officer in violation of M.C.L. § 750.479 and one count of domestic violence in violation of M.C.L. § 750.812. Defendant contends that because the Court and the jury were misled into believing that no other person in the household had a reason to disclaim possession of the firearm, the verdict must be set aside and a new trial ordered.

The evidence of Mr. Phillips' felony conviction and domestic violence conviction could have been discovered earlier with due diligence. Defendant does not deny that the government gave him a copy of Mr. Phillips' criminal record prior to trial. Although the government did not provide a copy of Mr. Phillips' judgment of sentence, it did provide the standard computerized criminal history from the system known as LIEN. The LIEN printout reflects the 1999 charges and reflects that Mr. Phillips was sentenced to 6 months on the obstruction count, with 24 months probation, and to 90 days on the domestic violence count, all sentences to run concurrently. Although the LIEN printout describes the charges as

---

[1]Anthony Phillips, who is Deborah Phillips' husband, was not a resident of the house, but he was present at the house on the day that Defendant was arrested.

"misdemeanors," it reflects that Mr. Phillips was bound over to circuit court, the court that exercises jurisdiction over felonies, and it provides the correct citation to M.C.L. § 750.479, violation of which is punishable by up to two years in prison.

There is no allegation in this case that the government failed to produce *Brady* material. Instead, the information was available, but counsel for both parties misunderstood the import of Mr. Phillips' criminal history. Both the government and defense counsel admit that they mistakenly assumed that Mr. Phillips' prior convictions were misdemeanors and that they were not covered by any of the prohibitions of 18 U.S.C. § 922(g). Apparently neither the government nor defense counsel considered the fact that it is also unlawful for a person convicted of a misdemeanor domestic violence crime to possess a firearm. 18 U.S.C. § 922(g)(9). Accordingly, there is no newly discovered evidence that would warrant a new trial. The only issue is whether the error is substantial enough such that the interests of justice require a new trial.

Upon review the Court is satisfied that the interests of justice do not require a new trial. Although the evidence indicates that Mr. Phillips had been convicted of a felony and of domestic violence and might have had reason to deny ownership or possession of a gun, this fact was not material to the finding of Defendant's guilt. Mr. Phillips was a collateral witness. Mr. Phillips was not a resident of the house, no one had ever seen him with a gun in the house, and most importantly, no one placed him in the basement on the day of Defendant's arrest. By contrast, the evidence linking Defendant to the gun, while

circumstantial, was strong. Defendant was often in the basement and was seen in the vicinity of the bed where the gun was found immediately before he was arrested. Overall, the Court is satisfied that the verdict was not against the great weight of the evidence and that evidence of Mr. Phillips' felony conviction would not be likely to produce an acquittal upon retrial. *Cf. United States v. Stoddard*, 875 F.2d 1233, 1238 (6th Cir. 1989) (holding that where government should have known evidence was false, new trial must be granted "if the new evidence is likely to produce an acquittal upon retrial."). Because the false evidence was not likely to change the result at trial, the interests of justice do not require a new trial. Accordingly, Defendant's motion for new trial will be denied.

Defendant also asserts that the government improperly impeached Renee Coon by bringing in extrinsic evidence of a prior inconsistent statement without providing Coon an opportunity to explain or deny the statement contrary to the requirements of FED. R. EVID. 613(b).

Coon testified on direct examination that she had never seen Defendant with a firearm and that she was never in a location with Defendant where there were firearms. (Docket # 53, Coon Test. at 6). On cross-examination she testified that she recalled telling police officers that she had seen a firearm at Defendant's friend's house when she and Defendant visited. (Docket # 53, Coon Test. at 17). Subsequent to Coon's testimony, the government elicited testimony from Officer Davis that Coon had made a prior inconsistent statement that Defendant did have possession or control of a firearm at some previous time.

8

As the Court noted at trial, the direction of the government's examination was clear and defense counsel should have objected to the questioning before the cat was out of the bag.  Any error associated with the introduction of this evidence is not sufficient to justify a new trial.

An order consistent with this opinion will be entered.


Date:   December 14, 2005              /s/ Robert Holmes Bell
                                                          ROBERT HOLMES BELL
                                                        CHIEF UNITED STATES DISTRICT JUDGE